RITTENHOUSE *v.* WINCH *et al.*

*(Supreme Court, General Term, First Department.  June 6, 1890.)*

CORPORATIONS—MORTGAGES—ASSENT OF STOCKHOLDERS.

A mortgage given by a corporation is not invalidated by the fact that the resolution therefor was adopted by the votes of persons owning the indebtedness intended to be secured, where it appears that such indebtedness was a valid and binding one, the greater part of it being already secured by mortgages, and that the rate of interest was reduced.

Appeal from special term, New York county.

Action by Stacy B. Rittenhouse against Minot F. Winch and others. From a judgment dismissing his complaint plaintiff appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Isaac N. Miller,* for appellant.  *John A. Mapes,* for respondents.

DANIELS, J.   The plaintiff owns 56 shares of the capital stock of the New York City Ice Company.   The company was formed under the general laws of this state for the formation of manufacturing corporations.   Its capital was the sum of $250,000, divided into 2,500 shares of $100 each.   And the individual defendants owned all the shares not owned by the plaintiff.   The company had become indebted to the extent of about the sum of $90,000. The indebtedness was secured by one mortgage for $20,000, on property purchased by it, and which the company assumed, and by another mortgage of the like amount, to secure a debt owing by it; and the residue cons.sted in simple contract obligations.   The mortgages and these other obligations seem to have been held by these individual defendants, and were carrying interest at the rate of 6 per cent.   The evidence, which was all given by the plaintiff himself, supports the conclusion that the mortgage and notes given by the company were all legal obligations, enforceable against it; and no objection whatever existed against the other mortgage, which the company assumed when the property incumbered by it was purchased from the plaintiff.   The indebtedness afterwards created was for the improvement of the company's property, its ice-house having been enlarged from a capacity of 8,000 or 10,-000 to 40,000 tons.   Indeed no evidence was given from which it could be held that any part of the debt was subject to the least degree of suspicion, or that its enforcement against the company could to any extent be successfully resisted.   After this indebtedness had been incurred a meeting was held, at which all the trustees and shareholders, including the plaintiff, were present, and at that meeting it was proposed to make a mortgage on the property of the company to secure bonds with interest at the rate of 5 per cent., to take the place of an equal amount of the indebtedness.   A resolution to that effect was offered, and it received the support of all the individual defendants, and the opposition alone of the plaintiff.   This support fully complied with chapter 163 of the Laws of 1878, permitting the company to mortgage its property to secure the payment of its indebtedness, when a majority of at least two-thirds of its stockholders assented thereto, for the persons voting in favor of the mortgage owned all the stock of the company, except 56 shares, owned by the plaintiff.   And it is this mortgage that the plaintiff by this action endeavored to set aside and annul.   The ground of objection to it was that the resolution authorizing it was adopted by the votes of the persons owning the indebtedness, and that is a circumstance subjecting their action to scrutiny. But it is quite evident that they were not individually benefited by this action, for it in no degree increased the liability of the company to them.   The result was otherwise, for the rate of interest was reduced to the extent of 1 per cent.   If the mortgage had not in this manner been sanctioned, there is no evidence in the case warranting the belief that the company could have avoided payment of any part of the debt provided for by the mortgage.   It

therefore was in no respect injured by this action of the trustees and share-holders. In case an obligation had been created for the benefit of these trustees which previously had no existence, then, without doubt, the plaintiff's action would have been a proper means of avoiding it. For the law will not allow persons occupying the position of trustees to a corporation to create a pecuniary or other advantage for themselves, or any one of their number acting with them. But nothing was done by these defendants violating this legal principle. And this case is not therefore within those which have been cited to support the appeal. In *Duncomb* v. *Railroad Co.*, 84 N. Y. 190, it was said that the rule which has been alluded to will not apply "where the trustee's act consists, not in possessing himself of the property of the beneficiary, as owner, but in taking collateral security for a debt honestly due him, or a liability justly incurred." For the security cannot be avoided without making payment of the debt. Id. 199. And neither the cases of *Harpending* v. *Munson*, 91 N. Y. 650, or *Munson* v. *Railroad Co.*, 103 N. Y. 58, 8 N. E. Rep. 355, or any other which has been mentioned by the counsel, disturbs or questions this principle. But it has been still more recently sanctioned by the case of *Richardson's Ex'r* v. *Green*, 133 U. S. 30, 10 Sup. Ct. Rep. 280, where it is said that "undoubtedly his relation as a director and officer or as a stockholder of the company does not preclude him from entering into contracts with it, making loans to it, and taking its bonds as collateral security; but courts of equity regard such personal transactions of a party in either of these positions not, perhaps, with distrust, but with a large measure of watchful care, and unless satisfied by the proof that the transaction was entered into in good faith, with a view to the benefit of the company, as well as its creditors, and not solely with a view to his own benefit, they refuse to lend their aid to its enforcement." 133 U. S. 43, 10 Sup. Ct. Rep. 284. The security now in question was provided for the benefit of the company as well as that of the individual defendants, and it has its foundation in good faith, as well as honest dealings. There was no legal ground disclosed on which it could be successfully impugned or reduced; and the judgment should be affirmed, with costs. All concur.